# MEMORANDUM

# A CASE NOT REPORTED IN FULL.

SUSAN OGSBURY, as Executrix, etc., of DANIEL OGSBURY, Deceased, Appellant, v. JOHN D. L. OGS-BURY, Respondent.

*Executrix — when she may recover treble damages for the willful cutting and removal of trees from the land of her testator.*

Appeal from a judgment dismissing the complaint entered upon a nonsuit at the Jefferson Circuit.

This action was brought under sections 1667 and 1668 of the Code of Civil Procedure for the recovery of treble damages for cutting and removing trees from the lands described in the complaint. It was proved and not disputed that the defendant, without right, cut and removed trees worth thirty dollars from the land described in the complaint, but the plaintiff was nonsuited upon the ground that she could not recover the damages in her representative capacity.

Daniel Ogsbury died September 12, 1886, seized in fee and possessed of 385 aeres of land, of which the land described in the complaint is a part. He left a last will and testament, which was admitted to probate October 1, 1886, and letters testamentary were then issued thereon to this plaintiff. He bequeathed to the plaintiff his household furniture and her choice of the horses owned by him, a single harness, buggy and cutter, and devised to the defendant two pieces of real estate. The remainder of his estate was bequeathed to various legatees in specified sums.

The second clause provided: "I will and direct that my executrix, hereinafter named, shall sell all my real estate, except that hereby willed to John D. L. Ogsbury, within five years from the date of my decease, and at such time within that period as may

seem best to her, and from the proceeds of said sale she shall, after paying all my debts which may remain unpaid at the time of said sale, and shall also pay the legacies and bequests hereinafter directed and provided for to be paid."

The third clause provided : " I give and bequeath to my daughter Susan the use and possession of all my real estate until the same is sold, said Susan to have for her own benefit and use all the rents, issues and profits of the same until sold."

The seventh clause provided : " I hereby give to my executrix, hereinafter named, full power to sell and convey any and all my real estate, except the part or portion devised to my son John D. L. Ogsbury. Said real estate may be sold in such portions or parcels as to my executrix shall seem best or most profitable, or it may be sold altogether as my executrix may think best to do."

By the tenth clause the residuum (after paying debts and legacies) was bequeathed to the plaintiff.

The court at General Term said : " There can be no doubt that the second clause, standing alone, would effect a conversion of the realty into personalty, because there was an express direction that the executrix should sell it. The seventh clause gives the executrix power, but does not direct her to sell ; and if we must follow the rule that the last of two inconsistent clauses in a will is to control, undoubtedly a conversion, out and out, is not effected. But the rule referred to, which Sir GEORGE JESSEL, master of the rolls, so aptly described in *Bywater* v. *Clarke* (18 Ch. Div., 19, 20) as " the rule of thumb," is not to be blindly followed unless the court can find nothing else to aid it to ascertain the intent of the testator. (*Bywater* v. *Clarke*, 18 Ch. Div., 17, 24 ; 1 Jar. on Wills [Big. ed.], 472 ; 1 Redf. on Wills, chap. 9, § 6, p. 443 ; Elphinstone's Interp. of Deeds, Rule 20.) Reading the whole will together, we have no doubt that the testator intended that all of his realty (not specifically devised) should be absolutely converted into money. The trial court held that the rents and profits not being given to the executrix the case fell within section 56, 1 Revised Statutes, 729, that the executrix took no estate in the land and, therefore, could not maintain this action for an injury to it.

" This court held at its last term, in *Clift* v. *Moses* (44 Hun, 312), that when a testator directs his executor to absolutely convert his

realty into personalty for all purposes, the executor is entitled to the possession of the realty from the date of the testator's death for the purpose of conversion, and becomes entitled to the rents, issues and profits as though it had been converted into money. It follows that this plaintiff is entitled to the possession of this realty as personalty, and that it is her duty and legal right to protect it from trespassers. We think the fact that the plaintiff was, by the third clause above quoted, given the possession, and the rents, issues and profits of the realty until sold, does not prevent her from maintaining this action in her representative capacity. This trespass was committed upon wild land, and the injury to plaintiff's individual right was merely nominal, the real injury being to the body of the estate which she held and had the right to protect as executrix.

" The judgment is reversed and a new trial granted, with costs to abide the event."

*Charles D. Wright* and *Watson M. Rogers*, for the appellant.

*Elon R. Brown*, for the respondent.

Opinion by FOLLETT, J.; HARDIN, P. J., and BOARDMAN, J., concurred.

Judgment reversed and new trial ordered, with costs to abide the event.